# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAMES GRAYER                                                CIVIL ACTION

VERSUS

LIZ MURRILL, ET AL.                                 NO. 24-00320-BAJ-RLB

## RULING AND ORDER

Before the Court is Petitioner's **Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. 1)**, Petitioner's **Motion For Immediate Release On Bond And For Summary Judgment (Doc. 2)**, Petitioner's **Motion For Immediate Issuance Of The Writ Of Habeas Corpus (Doc. 4), Petitioner's Motion For Ruling On Unopposed Motions (Local Rule 7) (M.D. La.) (Doc. 5)**, and Petitioner's **Motion For Specific Findings Of Fact And Conclusions Of Law (Doc. 8)**. The Petition and the Motions are not opposed by Defendants.

On June 25, 2026, the Magistrate Judge issued a **Report and Recommendation (Doc. 13, the "Report")** recommending that the Court: (1) deny Petitioner's application for *habeas corpus* relief with prejudice; (2) deny Petitioner's pending motions (Docs. 2, 4, 5, and 8) as moot; and (3) deny a certificate of

appealability, in the event that Petitioner seeks to pursue an appeal.[1] (Doc. 13 at 6). Petitioner objects to the Report. (Doc. 14).

Petitioner was convicted in 1993. (Doc. 1 at 1). In 2023, Louisiana's 19th Judicial District Court vacated Petitioner's conviction and sentence, adjudging that the rule of criminal procedure announced in *Ramos v. Louisiana*, 590 U.S. 83 (2020), applied retroactively to Petitioner. *State v. Grayer*, 2022-01034 (La. 9/6/23), 369 So. 3d 799, 799. The State sought supervisory writ from the First Circuit Court of Appeals, which the Court of Appeals declined to consider because of the application's procedural deficiency (specifically, the State failed to timely request a return date, as required by the Uniform Rules for Louisiana Courts of Appeals). *State v. Grayer*, 2022-0217 (La. App. 1 Cir. 6/24/22). However, the Louisiana Supreme Court later granted the State's application for supervisory writ and reversed the 19th Judicial District Court's ruling, reinstating Petitioner's original conviction and sentence.[2] *State v. Grayer*, 369 So. 3d at 799–800. The Petitioner contends that the

---

[1] On February 4, 2026, the Magistrate Judge issued a Report and Recommendation (Doc. 6) recommending that the Court: (1) deem Plaintiff's Petition for Writ of Habeas Corpus a successive habeas corpus petition; and (2) dismiss the Petition for lack of jurisdiction, as Plaintiff did not obtain permission from the United States Court of Appeals for the Fifth Circuit prior to filing the Petition, as required by 28 U.S.C. § 2244(b)(3). The Magistrate Judge also recommended that pending Motions (Doc. 2; Doc. 4; Doc. 5) be denied as moot. Petitioner objected to the original Report. (Doc. 7). However, the Court later vacated the original Report and issued this new Report. (Doc. 12). The new Report extends beyond the original Report by denying Petitioner's Motion For Specific Findings Of Fact And Conclusions Of Law (Doc. 8), which was filed after the original Report was issued. Because the original Report was vacated, the Court will only discuss the new Report and Petitioner's objections to it here.

[2] The Louisiana Supreme Court reversed because it held that *Ramos'* new rule does not apply retroactively to state collateral proceedings and therefore does not apply to Petitioner. *State v. Grayer*, 369 So. 3d 799.

Louisiana Supreme Court violated his due process rights when it considered and granted the State's writ application after the First Circuit Court of Appeals declined to consider the State's writ application.

Turning now to the Report's analysis, the Report first recommends denial of Petitioner's 28 U.S.C. § 2254 Petition because the Fifth Circuit has ruled that a state's failure to follow its own procedural rules is not grounds for relief in federal *habeas* actions. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). Instead, federal *habeas* relief is warranted only where an error of state law denies fundamental fairness and due process rights to which a petitioner is separately entitled under federal law. *Burge v. Cain*, 2015 WL 4168111 (E.D. La. July 1, 2015) at *7. Even if this Court theoretically assumes that the Louisiana state court failed to follow proper procedures in adjudicating the State's appeal,[3] a petitioner's right to procedural due process is adequately protected if he has the opportunity for further recourse, such as seeking review by a higher court. *Id.* The Report determined that denial of Petitioner's 28 U.S.C. § 2254 Petition is warranted because Petitioner had the opportunity for further appellate review available to him at the Louisiana Supreme Court. After the Louisiana Supreme Court's ruling, Petitioner took advantage of the opportunity for further appellate by applying for reconsideration with the court, which its rules allow a party to do. (Doc. 1-2 at 5); *see* Louisiana Supreme Court Rule X, § 7.

---

[3] Which the Court is not doing here, because "the grant or denial of an application for writs rests within the sound judicial discretion of [the Supreme] Court. Louisiana Supreme Court Rule X, §1.

The Report then recommends denying a certificate of appealability in the event that Petitioner seeks to pursue an appeal, because it finds that reasonable jurists would not debate the denial of Petitioner's § 2254. *See Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006). The Report finally recommends that the Court deny Petitioner's pending motions (Docs. 2, 4, 5, and 8) as moot.

Petitioner challenges the Report in a few ways. First, Petitioner argues that the Court improperly assisted the State by issuing the Report absent any objections from Louisiana to Petitioner's Motions. The Court finds no merit in this argument. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the district court may dismiss the petition before "orderi[ng] a respondent to file an answer, motion, or other response." In other words, "[t]he district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Therefore, contrary to Petitioner's objection, the Court has the prerogative to dismiss the Petition prior to ordering the State to respond. Petitioner later argues that the Report misapplies *Kiser* to "excuse the State's default." However, *Kiser* and Rule 4 of the Rules Governing Section 2254 Cases authorize courts to do exactly what the Report recommends: dismiss frivolous Petitions.

Next, Petitioner argues that because the State failed to respond to "Petitioner's Request for Admission" (which the Court assumes is "Petitioner's Notice Of

4

Undisputed Admission To The Honorable Judge Brian A. Jackson" (Doc. 9)) within 30 days, Federal Rule of Civil Procedure 36 requires the Court to "accept as an unassailable fact that the State of Louisiana was formally barred by the First Circuit Court of Appeals, the Louisiana Supreme Court operated completely without jurisdiction under *Ex parte McCardle*, and the State completely exhausted its one-year statutory deadline to retry Petitioner under La. C. Cr. P. Art. 582." (Doc. 14 at 3). Petitioner's argument is unmeritorious for multiple reasons, but notably, Petitioner's facts contained in "Petitioner's Notice Of Undisputed Admission To The Honorable Judge Brian A. Jackson" are actually legal conclusions that may only be made by the Court, not Petitioner himself.

Petitioner then argues that the Report incorrectly states that Petitioner had previously availed himself of further recourse through seeking review at the Louisiana Supreme Court. A review of the record makes clear that Petitioner did, indeed, file an application for reconsideration at the Louisiana Supreme Court that was denied. (Doc. 1-2 at 5). Although Petitioner is displeased with the state Supreme Court's ruling denying his application for reconsideration, that the state Supreme Court's ruling was unfavorable to him does not mean that he was denied the opportunity for recourse.

Petitioner then challenges the Report's recommendation to deny a potential certificate of appealability on the basis that Petitioner has not "made a substantial showing of the denial of a constitutional right." (Doc. 13 at 5) (citing 28 U.S.C. § 2253(c)(2)). The Court agrees that reasonable jurists would not debate the denial

of Petitioner's § 2254 application, and therefore finds Petitioner's challenge meritless.

Having carefully considered the Petition (Doc. 1), the Report (Doc. 13), Petitioner's objections to the Report (Doc. 14), and the entirety of the record, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Petitioner's **Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. 1)** is hereby **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's **Motion For Immediate Release On Bond And For Summary Judgment (Doc. 2)**, **Petitioner's Motion For Immediate Issuance Of The Writ Of Habeas Corpus (Doc. 4)**, Petitioner's **Motion For Ruling On Unopposed Motions (Local Rule 7) (M.D. La.) (Doc. 5)**, and **Petitioner's Motion For Specific Findings Of Fact And Conclusions Of Law (Doc. 8)** be **DENIED AS MOOT.**

Baton Rouge, Louisiana, this 29th day of July, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**